UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EUGENE VINCENT JOINER, | Case No. 17-CV-1452 (JNE/DTS) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| HENNEPIN COUNTY BOARD; HENNEPIN COUNTY SHERIFF DEPARTMENT; HENNEPIN COUNTY DETENTION CENTER; and INDIVIDUAL CORRECTIONAL OFFICERS, et al., | |
| Defendants. | |

Plaintiff Eugene Vincent Joiner commenced this action by filing a complaint alleging violations of his constitutional rights. Joiner did not pay the required filing fee for this case, but instead applied for *in forma pauperis* ("IFP") status. *See* ECF No. 2. In an order dated May 18, 2017, this Court noted that Joiner's IFP application could not be granted, as the complaint failed to state a claim on which relief may be granted. *See* ECF No. 3 (citing 28 U.S.C. § 1915(e)(2)(B)(ii)). Rather than recommending immediate dismissal of the lawsuit, this Court gave Joiner until June 16, 2017 to file an amended complaint stating a viable claim for relief, failing which it would be recommended that this action be dismissed without prejudice. *Id*.

That deadline has now passed, and Joiner has not filed an amended complaint. Accordingly, this Court now recommends, in accordance with its prior order, that this action be dismissed without prejudice for failure to state a claim on which relief may be granted. As noted previously, Joiner's complaint is entirely conclusory. Although he clearly believes that jail officials were deliberately indifferent to his medical needs, Joiner does not include in his complaint any factual allegations that,

if proved, would demonstrate this is true. Indeed, the complaint is not even clear about what objectively serious medical need of Joiner's toward which defendants were allegedly deliberately indifferent. Dismissal for failure to state a claim is therefore appropriate. *See Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999) (stating elements of deliberate-indifference claim).

Alternatively, this matter may be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. *See Henderson v. Renaissance Grand Hotel*, 267 Fed. App'x 496, 497 (8th Cir. 2008) (per curiam) ("A district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order."). The Court's deadline for failing an amended complaint has passed, and Joiner has failed to comply with that deadline. In fact, Joiner has not communicated with the Court about this case at all since commencing this action. It is therefore doubtful that Joiner intends to continue prosecuting this lawsuit at the present time.

In any event, Joiner's pleading does not set forth an actionable claim. His IFP application should therefore be denied and this action dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be SUMMARILY DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii) or, alternatively, for failure to prosecute.

2.  The application to proceed *in forma pauperis* of plaintiff Eugene Vincent Joiner [ECF No. 2] be DENIED.

Dated: June 29, 2017

*s/ David T. Schultz*
DAVID T. SCHULTZ
United States Magistrate Judge

### NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).