# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

EUGENE VINCENT JOINER,

      Plaintiff,

v.

HENNEPIN COUNTY BOARD;
HENNEPIN COUNTY SHERIFF DEPT.;
HENNEPIN COUNTY DETENTION
CENTER; and/or INDIVIDUAL
CORRECTIONAL OFFICERS, et al.,

      Defendants.

Case No. 17-cv-1452 (JNE/DTS)
ORDER

This action is before the Court on the Report and Recommendation of the Honorable David T. Schulz, United States Magistrate Judge, dated June 29, 2017, recommending the dismissal of the action without prejudice for failure to state a claim or for failure to prosecute. *See* Dkt. No. 4. The Court declines to accept the recommendations for the reasons set forth below.

Plaintiff Eugene Vincent Joiner filed a complaint in this action on May 1, 2017, and applied to proceed without prepaying fees or costs. Dkt. Nos. 1-2. His Complaint appears related to a separate case in this District: *Joiner v. Metro Transit Police Dep't, et al.*, Case No. 16cv2006 (DSD/FLN). In that case, Joiner attempted to file amended complaints against Hennepin County and a number of the same individuals named in the Complaint in this action: Sheriff Richard W. Stanek, Deputy Annette Parker, Deputy Andrew Carlson, Detention Deputy Thomas Poser, Detention Deputy Angela Johnson, and Detention Deputy James Mauer. *Compare* Case No. 16cv2006, Dkt. No. 10, at 2; *and* Case No. 16cv2006, Dkt. No. 28, at 1; *with* Case No. 17cv1452, Dkt. No. 1, at 2. The *Metro Transit* court dismissed Hennepin County without prejudice and, on April 20, 2017, struck Joiner's purported "First Consolidated

Amended Complaint." Case No. 16cv2006, Dkt. Nos. 27 & 58. In the April 20 order, the court advised Joiner that he could not sue Hennepin County in that case because the court had already dismissed that party without prejudice but that "Joiner may bring a separate action against Hennepin County." Case No. 16cv2006, Dkt. No. 58, at 4 n.3. Joiner filed the Complaint in this case shortly thereafter, apparently after first filing it in error in the other case. *See* Case No. 16cv2006, Dkt. No. 61.

The Magistrate Judge issued an order in this case on May 28, finding that Joiner's Complaint is entirely conclusory and granting him an opportunity to file an amended complaint. *See* Dkt. No. 3, at 2. The Magistrate Judge warned Joiner that he "must file his amended complaint no later than June 16, 2017, failing which this Court will recommend that this action be dismissed without prejudice for failure to state a claim on which relief may be granted." *Id.* at 3. That deadline passed, Joiner did not file an amended complaint, and the record does not reflect any other action taken by him with regard to his case. On June 29, the Magistrate Judge issued the Report and Recommendation, finding again that Joiner's Complaint is entirely conclusory and that he did not plead any facts about the threadbare deliberate-indifference claim asserted in his pleadings. Dkt. No. 4, at 1-2. The Report and Recommendation recommends dismissal without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), or alternatively dismissal pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. *Id.* at 2. The Report and Recommendation notes that "Joiner has not communicated with the [c]ourt about this case at all since commencing this action" in May. *Id.* at 2. The deadline for objecting to the Report and Recommendation was in mid-July (14 days after Joiner was served a copy of it), but he did not file any objection. As with the Magistrate Judge, Joiner has not contacted this Court in any way since he filed his Complaint.

**(a) Recommendation to Dismiss for Failure to State a Claim**

The Court does not accept the recommendation to dismiss for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Joiner alleges that while he "was incarcerated in the Hennepin County Detention Center within the custody and control of the defendants and emp[loy]ees," Defendants "with knowledge of plaintiff['s] medical needs, and [/] or with deliberate indifference to such medical needs, have acted or fail[ed] to act in such a way as to deprive plaintiff of necessary and adequate medical care[,] thus endangering the plaintiff['s] health and wellbeing . . . ." Dkt. No. 1, at 2. This type of conclusory statement, unsupported by any specific facts, by itself fails to plausibly state a claim for relief. *See Ellis v. City of Minneapolis*, 860 F.3d 1106, 1110 (8th Cir. 2017). However, Joiner also attached numerous exhibits to his Complaint, which the Court may consider as part of the Complaint. *See Ellis*, 860 F.3d at 1112, n.4; *West-Anderson v. Missouri Gaming Co.*, 557 F. App'x 620, 622 (8th Cir. 2014) ("document attached as exhibit to pleading is part of pleading for all purposes") (citing Fed. R. Civ. P. 10(c)); *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) ("We assess plausibility considering only the materials that are necessarily embraced by the pleadings and exhibits attached to the complaint[.]") (citation and quotation marks omitted). The exhibits include copies of investigative reports from a Hennepin County Sheriff's Office Internal Affairs Investigation that refer to Joiner's complaining about back pain and asking to see a nurse while he was detained. *See, e.g.*, Ex. 2, at 1, Dkt. No. 1-3. Based on a cursory review of the voluminous exhibits submitted as attachments to Joiner's Complaint, the Court cannot immediately conclude that the Complaint fails to state a claim as a matter of law.

The Court finds, however, that the Complaint fails to comply with Federal Rule of Civil Procedure 8(a)(2), which requires the plaintiff to include "a short and plain statement of the

claim showing the pleader is entitled to relief." As the Magistrate Judge noted, the body of Joiner's Complaint contains only conclusory allegations without pleading any facts to support those conclusions. Joiner has attached more than 80 pages of exhibits but has not called out any facts in his written allegations. It is not the Court's responsibility to mine these exhibits for "nuggets that might refute obvious pleading deficiencies," *see Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017), even if Joiner is without counsel. "Though *pro se* complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (internal citation omitted). Because the Court "shall dismiss" the case if it determines that the complaint fails to state a claim on which relief may be granted, 28 U.S.C. § 1915(e)(2), Joiner must file a complaint that enables the Court to make such an evaluation.

**(b) Recommendation to Dismiss for Failure to Prosecute**

Given Joiner's failure to comply with the Magistrate Judge's order to file an amended complaint, his failure to object to the Report and Recommendation, and the fact that the Court has not heard from him for months, it would not be inappropriate to dismiss without prejudice for failure to prosecute. The Court notes, however, that on Joiner's application to proceed *in forma pauperis*, he stated that he was homeless. It is Joiner's charge to update the Court records with his current contact information and to respond to Court orders, and he is warned that failure to comply with Court orders going forward will result in summary dismissal of this action.[1]

In the particular circumstances of this case, including the procedural history relating to Case No. 16cv2006, the Court in its discretion will allow Joiner one more opportunity to file an amended complaint in this action that complies with Federal Rules of Civil Procedure 8 and 12.

---

[1] Further, persistent failure to comply with court orders or to prosecute a case could result in dismissal **with** prejudice. *See Givens v. A.H. Robins Co.*, 751 F.2d 261, 263 (8th Cir. 1984).

The amended complaint should name each defendant separately in the caption and should set out each claim for relief, with supporting factual allegations, in short and plain statements in the text of the complaint without relying merely on attachments to the complaint. *See* Fed. R. Civ. P. 8(a)(2). Joiner is advised that resources are available on the District Court's publically available website that might assist him in complying with the applicable standards. *E.g.*, http://www.mnd.uscourts.gov/Pro-Se/Pro-Se-Civil-Guidebook.pdf.

Joiner must file his amended complaint by September 14, 2017. **Failure to comply with this Order will result in the dismissal of his case.**

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Plaintiff Eugene Vincent Joiner's Application to Proceed in District Court without Prepaying Fees or Costs [Dkt. No. 2] will not be granted at this time.

2. Joiner must file an amended complaint by no later than September 14, 2017, consistent with the above memorandum.

Dated: August 30, 2017
s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge